# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MCLANE COMPANY, INC., <br> Plaintiff | No. 3:09cv1156 <br><br> (Judge Munley) |
| v. | |
| MAULI VARINDERPREET; <br> B & H LOGISTICS, INC.; <br> NEW GREEN CITY AUTO REPAIR CENTRE; <br> FRIENDS LOGISTICS; <br> STOUGHTON TRAILERS CANADA CORPORATION; <br> KRG LOGISTICS, INC.; <br> A.N. DERINGER, INC.; <br> SKELTON WAREHOUSING, INC.; <br> STOUGHTON TRAILERS, INC.; and <br> KRG LOGISTICS, INC., | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court is Defendant Skelton Warehousing, Inc.'s motion to dismiss the case for lack of personal jurisdiction (Doc. 7). Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises out of a tractor-trailer accident that occurred on June 29, 2007 on Interstate Highway 476 in Scranton, Pennsylvania. (Complaint (Doc. 1) (hereinafter "Complt.") at ¶ 49). On that date, Defendant Mauli Varinderpreet was driving a tractor-trailer owned by Defendants Friends Logistics, Stoughton, and/or

KRG Logistics. (Id. at ¶ 35). The trailer was loaded with 44,610 pounds of paper, packed on 13 rolls; plaintiff contends that defendants loaded this paper negligently. (Id. at ¶¶ 34, 45). Plaintiffs allege that the trailer had a faulty Anti-Lock Braking System that caused the brakes on the right passenger side to lock when they were vigorously applied. (Id. at ¶ 35). They also allege that Varinderpreet was driving negligently and careless, and at an excessive rate of speed. (Id. at ¶ 36). As he approached mile marker 125.6 on Interstate 476, Varinderpreet claims that he swerved, braked and overcorrected to avoid hitting a deer. (Id. at ¶ 37). Plaintiffs allege that Varinderpreet may have actually fallen asleep. (Id. at ¶ 40). In any case, the tractor trailer's load shifted, causing the truck to skid a considerable distance and hit a guard rail. (Id. at ¶ 41). The trailer "separated from the tractor, rolled on its right side, rotated several times counter-clockwise," and ended up with its wheels and undercarriage facing oncoming traffic in the southbound lane. (Id. at ¶ 42). The trailer obstructing the two southbound traffic lanes. (Id.). Defendant Varinderpreet allegedly failed to warn other vehicles of the accident by putting out flares, safety triangles, or other warning devices. (Id. at ¶ 48).

Plaintiff's employee Brian C. Rossi was traveling southbound on the same stretch of highway on June 29, 2007. (Id. at ¶ 49). Jeffrey Iannuzzo, plaintiff's coworker, was also present in the vehicle, asleep in the sleeper compartment. (Id. at ¶ 50). Rossi was unable to avoid striking the underside of defendant's trailer. (Id. at ¶ 52). Rossi's tractor-trailer burst into flames, the tractor separated from the trailer

2

and slid down an embankment and burst into flames. (Id.). As a result of the accident, Rossi suffered severe burns over 85% of his body, shock and internal injuries. (Id. at ¶ 53). Though airlifted to a hospital, Rossi died from his injuries on July 2, 2007. (Id. at ¶ 56). Plaintiff's employee Jeffrey Iannuzzo died from his injuries at scene. (Id. at ¶ 58).

Plaintiff filed the instant action on June 18, 2009. The complaint alleges three counts of negligence, negligent entrustment and vicarious liability against the various defendants. Defendants answered the complaint on September 2, 2009 (Doc. 5). The answer also contained various cross claims. Before plaintiff filed the instant action, the estates of Rossi and Iannuzzo filed suit against various defendants, including Defendant Skelton, in the United States District Court for the Eastern District of Pennsylvania. (See Reply of Plaintiff, McLane Company, Inc., to Motion to Dismiss Pursuant to FRCP 12(b)(2) of Defendant, Skelton Warehousing, Inc. (Doc. 14) (hereinafter "Plaintiff's Brief") at ¶¶ 7-8). In both those cases, Defendant Skelton filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that plaintiffs could not establish personal jurisdiction over Skelton in Pennsylvania. (Id. at ¶ 9). On April 7, 2009, Judge Mitchell S. Goldberg issued an order denying Skelton's motions. (See Exh. B to Plaintiff's Motion). On September 14, 2009, Defendant Skelton Warehousing filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), contending that defendant was not subject to personal jurisdiction in this district. The parties then briefed the issue,

3

bringing the case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiff is a Texas corporation with its principal place of business in Texas, and the defendants are a corporations established and with principal places of business in other states or in Canada. The amount in controversy exceeds $75,000. Because the court is sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussuion**

The plaintiffs contend that defendant's motion should be denied because a decision in the United States District Court for the Eastern District of Pennsylvania denying an identical motion in a related case precludes the court from ruling otherwise. At issue is the doctrine of collateral estoppel, or claim preclusion. That doctrine "'operates to prevent a question of law or an issue of fact which has once been litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in subsequent suit.'" Kaller's, Inc. v. John J. Spencer Roofing, Inc., 565 A.2d 794, 796 (Pa. Super. Ct. 1989) (quoting Muhammad v. Strassburger, 543 A.2d 1138, 1140 (Pa. Super. Ct. 1988)). "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action

4

involving a party to the prior litigation." Montana v. United States, 440 U.S. 147, 153 (1979). The Supreme Court has described the purpose of this rule and the related doctrine of res judiciata: "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Id. at 153-54.

The Third Circuit Court of Appeals has stated the elements of collateral estoppel or issue preclusion as: "'(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party precluded from relitigating the issue was fully represented in the prior action." Szehinskyj v. AG of the United States, 432 F.3d 253, (3d Cir. 2005) (quoting Henglein v. Colt Indus. Operating Corp., 260 F.3d 201, 209 (3d Cir. 2001)). Pennsylvania courts adopt the same standard. See Kaller's, Inc., 565 A.2d at 796 (describing the elements of collateral estoppel as: "1. the fact or facts at issue in both instances were identical; 2. These facts were essential to the first judgment; 3. the parties must have had an opportunity to 'actually litigate' the issue; and 4. the facts were actually litigated in the first cause.").

The opinion at question here was issued by Judge Mitchell S. Goldberg of the United States District Court for the Eastern District of Pennsylvania. The case, No. 08cv3380, was captioned as Rossi v. Mauli but also included the claims of Jeffrey

Ianuzzo. (See Exh. B. to Plaintiff's Brief). Judge Goldberg recites that the case involves "motor vehicle deaths which occurred when decedents' vehicle hit a tractor-trailer that had crashed and was stopped in the middle of I-476, an interstate located in Scranton City, Pennsylvania." (at ¶ 1). One of the defendants in the case, Skelton Warehousing, Inc., was accused of negligence in loading large rolls of paper into the tractor-trailer that had crashed. (Id.). Judge Goldberg notes that "[i]n seeking dismissal, Skelton argues that it is not subject to personal jurisdiction in Pennsylvania. Specifically, they assert that they are not a Pennsylvania corporation and did not know that the paper load involved in the accident at issue was being shipped to Pennsylvania due to a 'blind billing practice.'" (Id. at ¶ 2). The opinion describes as the issue in the case whether the court has personal jurisdiction over Skelton and describes two species of such jurisdiction that apply in Pennsylvania, general and specific. (Id. at ¶¶ 4-6). The parties, Judge Goldberg writes, "have not argued that there is general jurisdiction over Skelton in the Eastern District of Pennsylvania." (Id. at ¶ 7). After examining a two-year course of business between Skelton and Paper Marketing Worldwide, a Pennsylvania Corporation, Judge Goldberg concluded that "[t]he multiple contacts between Skelton and Worldwide are more than sufficient to establish minimum contacts with the forum state, Pennsylvania, and the deaths at issue relate to one of those contracts." (Id. at ¶ 10). Judge Goldberg therefore denied Skelton's motion.

Skelton contends that this opinion should not have a preclusive effect on the

6

court's ruling on its motion to dismiss for lack of personal jurisdiction in this case. The defendant insists that collateral estoppel only applies when there is "a final judgment on the merits, amongst other factors." (Br. in Support at 9). Instead, the court "in the related wrongful death action merely denied Skelton's Rule 12(b)(2) motion," and that order is not final and appealable, "but a preliminary ruling." (Id.).

The court finds that the defendant is precluded from taking a second bite at the apple and relitigating the issue of the court's personal jurisdiction in this matter. All of the elements required for collateral estoppel are met. First, the issue is whether Skelton is subject to personal jurisdiction in Pennsylvania, precisely the issue decided by Judge Goldberg. While defendant argues that the earlier decision did not address whether general jurisdiction applies to this case, general jurisdiction is a way of arguing for personal jurisdiction, and not an issue in itself. Indeed, Judge Goldberg noted that "[p]ersonal jurisdiction may be exercised under two distinct theories–general or specific." (Opinion at ¶ 6). He then found that specific personal jurisdiction existed. Thus, even if Judge Goldberg agreed with defendant that general jurisdiction did not exist, he still would have concluded that personal jurisdiction existed. Second, Judge Goldberg's decision also makes clear that defendant litigated the personal jurisdiction issue in the eastern district case.[1]

---

[1] Defendant's brief argues that new information has come to light that indicates that Defendant Skelton had no knowledge of where the cargo it loaded was shipped. Paper Marketing, the company which directed the loading and transportation of the cargo in this case, acted to insure that the loading company would not know where the cargo was delivered. This information was not available to Judge Goldberg when he made his

7

Defendant's brief demonstrates that it litigated the issue there, as does the Eastern District Decision. Third, the determination that Skelton was subject to personal jurisdiction was necessary to Judge Goldberg's decision to deny defendant's motion to dismiss. Finally, defendant acknowledges that it participated in the earlier action, arguing fully its position. As such, all of the conditions for collateral estoppel have been met. The defendant's motion will be denied.

**Conclusion**

For the reasons stated above, Defendant Skelton's motion to dismiss will be denied. An appropriate order follows.

---

decision. Judge Goldberg's order, however, notes that defendants "assert that they are not a Pennsylvania corporation and did not know that the paper load involved in the accident at issue was being shipped to Pennsylvania due to a 'blind billing practice,' which is described as a practice whereby delivery locations are not disclosed to the loading company." (Opinion at ¶ 2). He found that defendant had engaged in a course of business with companies in Pennsylvania that subjected it to personal jurisdiction, regardless of its claims about knowing the destination of the load.

8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MCLANE COMPANY, INC.,** | : | No. 3:09cv1156 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **MAULI VARINDERPREET;** | : | |
| **B & H LOGISTICS, INC.;** | : | |
| **NEW GREEN CITY AUTO REPAIR** | : | |
| **CENTRE;** | : | |
| **FRIENDS LOGISTICS;** | : | |
| **STOUGHTON TRAILERS CANADA** | : | |
| **CORPORATION;** | : | |
| **KRG LOGISTICS, INC.;** | : | |
| **A.N. DERINGER, INC.;** | : | |
| **SKELTON WAREHOUSING, INC.;** | : | |
| **STOUGHTON TRAILERS, INC.; and** | : | |
| **KRG LOGISTICS, INC.,** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 24th day of November 2009, Defendant Skelton Warehousing, Inc.'s motion to dismiss (Doc. 7) is hereby **DENIED**.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**