# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MCLANE COMPANY, INC.,** : | No. 3:09cv1156 |
| Plaintiff : | |
| : | (Judge Munley) |
| **v.** : | |
| **MAULI VARINDERPREET;** : | |
| **B & H LOGISTICS, INC.;** : | |
| **NEW GREEN CITY AUTO REPAIR** : | |
| **CENTRE;** : | |
| **FRIENDS LOGISTICS;** : | |
| **STOUGHTON TRAILERS CANADA** : | |
| **CORPORATION;** : | |
| **KRG LOGISTICS, INC.;** : | |
| **A.N. DERINGER, INC.;** : | |
| **SKELTON WAREHOUSING, INC.;** : | |
| **STOUGHTON TRAILERS, INC.; and** : | |
| **KRG LOGISTICS, INC.,** : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is plaintiffs' motion to transfer the case to the United States District Court for the Eastern District of Pennsylvania (Doc. 18). Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises out of a tractor-trailer accident that occurred on June 29, 2007 on Interstate Highway 476 in Scranton, Pennsylvania. (Complaint (Doc. 1) (hereinafter "Complt.") at ¶ 49). On that date, Defendant Mauli Varinderpreet was driving a tractor-trailer owned by Defendants Friends Logistics, Stoughton, and/or KRG Logistics. (Id. at ¶ 35). The trailer was loaded with 44,610 pounds of paper,

packed on 13 rolls; plaintiff contends that defendants loaded this paper negligently. (Id. at ¶¶ 34, 45). Plaintiffs allege that the trailer had a faulty Anti-Lock Braking System that caused the brakes on the right passenger side to lock when they were vigorously applied. (Id. at ¶ 35). They also allege that Varinderpreet was driving negligently and carelessly, and at an excessive rate of speed. (Id. at ¶ 36). As he approached mile marker 125.6 on Interstate 476, Varinderpreet claims that he swerved, braked and overcorrected to avoid hitting a deer. (Id. at ¶ 37). Plaintiffs allege that Varinderpreet may have actually fallen asleep. (Id. at ¶ 40). In any case, the tractor trailer's load shifted, causing the truck to skid a considerable distance and hit a guard rail. (Id. at ¶ 41). The trailer "separated from the tractor, rolled on its right side, rotated several times counter-clockwise," and ended up with its wheels and undercarriage facing oncoming traffic in the southbound lane. (Id. at ¶ 42). The trailer obstructing the two southbound traffic lanes. (Id.). Defendant Varinderpreet allegedly failed to warn other vehicles of the accident by putting out flares, safety triangles, or other warning devices. (Id. at ¶ 48).

Plaintiff's employee Brian C. Rossi was traveling southbound on the same stretch of highway on June 29, 2007. (Id. at ¶ 49). Jeffrey Iannuzzo, plaintiff's coworker, was also present in the vehicle, asleep in the sleeper compartment. (Id. at ¶ 50). Rossi was unable to avoid striking the underside of defendant's trailer. (Id. at ¶ 52). Rossi's tractor-trailer burst into flames, the tractor separated from the trailer and slid down an embankment and burst into flames. (Id.). As a result of the

2

accident, Rossi suffered severe burns over 85% of his body, shock and internal injuries. (Id. at ¶ 53). Though airlifted to a hospital, Rossi died from his injuries on July 2, 2007. (Id. at ¶ 56). Plaintiff's employee Jeffrey Iannuzzo died from his injuries at scene. (Id. at ¶ 58).

Plaintiff filed the instant action on June 18, 2009. The complaint alleges three counts of negligence, negligent entrustment and vicarious liability against the various defendants. Defendants answered the complaint on September 2, 2009 (Doc. 5). The answer also contained various cross claims. Before plaintiff filed the instant action, the estates of Rossi and Iannuzzo filed suit against various defendants, including Defendant Skelton, in the United States District Court for the Eastern District of Pennsylvania. In its motion, plaintiff indicates that it has agreed to dismiss defendants Friends Logistics, Stoughton Trailers Canada Corporation, Stoughton Trailers, Inc., Stoughton Trailers, LLC, A.N. Deringer, Inc. and K.R.G. Logistics. (See Motion to Transfer (Doc. 18) at ¶ 3). The motion also indicates that of the remaining defendants, only Defendant Skelton Warehousing, Inc., opposes the motion. (See Certificate of Concurrence or Non-Concurrence, appended to Id.).

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiff is a Texas corporation with its principal place of business in Texas, and the defendants are corporations established and with principal places of business in other states or in Canada. The amount in controversy

exceeds $75,000. Because the court is sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion**

Federal law provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 14 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions to transfer according to an 'individualized, case by case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). Courts are to "'consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum'" in deciding whether transfer is appropriate. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Among the "private" interests that can be considered are: "plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses–but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records." Id. Among the public interest at issue are: "the enforceability of the judgment; practical

considerations that could make the trial easy, expeditious, or inexpensive; court congestion; the local interest in deciding controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." Id. Still, "[t]he burden of establishing the need for transfer . . . rests with the movant." Id.

Plaintiff argues that transfer is appropriate because there are related cases filed in the Eastern District, and a strong likelihood that the cases would be consolidated exists. Such consolidation is a valid reason, plaintiff claims, for allowing transfer. Defendant Skelton argues that consolidation is unlikely and thus judicial economy would not be achieved by transferring the case. Defendant points out that discovery is completed in the related cases in the Eastern District, and that additional discovery will be required in this case to determine additional damages not suffered by the drivers who filed cases in the Eastern District. In addition, plaintiff originally chose this forum, the claims arose in the Middle District and no relevant events took place in the Eastern District, and plaintiff has not demonstrated that any witnesses would be inconvenienced by trying the case in this district rather than in the Eastern District.

The court will grant the plaintiff's motion. First, the court finds that venue would be appropriate in the Eastern District, since the defendants are aliens. See 28 U.S.C. § 1391(d) (establishing that "an alien may be sued in any district"). The case could thus be transferred there under 28 U.S.C., § 1404(a). Second, the court finds

that the factors enumerated in the statute and case law support transfer to the Eastern District of Pennsylvania. Most important to the question here, the court notes that every defendant in this case but one has agreed to the transfer. Whatever the plaintiff's original forum choice, most of the defendants now agree with plaintiff that the litigation would be most expeditiously handled in the district where two related cases already exist.[1] Moreover, the interests of judicial efficiency would be best served by allowing transfer. The parties disagree about whether the cases are likely to be consolidated upon transfer.[2] The court will not offer an opinion about the likely actions of a coordinate court, other than to note that rulings and findings in that court would likely have a preclusive effect on this case. At the same time, however, the fact that litigation involving the same event and many of the same parties and same issues that gave rise to this action is proceeding in another district provides a compelling reason for transfer based on judicial efficiency and the convenience of the parties. The parties will be able to avoid duplicative discovery in multiple fora, and the court will be able to handle numerous similar motions and

---

[1] Skelton does not explain why it would be more convenient for it to litigate the case in this forum, rather than in the forum where litigation arising from the same event has been taking place for a year. In fact, the court fails to understand why a party would find litigating essentially the same action in two separate forums more convenient and cost-effective than litigating the case in one forum.

[2] The court notes, however, that most defendants do not oppose transfer, perhaps because they feel their own interest in an efficient resolution of this matter would be served by having all cases related to this accident occurring in one forum.

6

issues in one location rather than two.[3]

**Conclusion**

For the reasons stated above, the court will grant the plaintiff's motion. An appropriate order follows.

---

[3]As evidence that the existence of another action based on the same event and many of the same claims in another district would cause the court to engage in a wasteful and duplicative use of its resources, the court points to its memorandum and opinion issued on November 24, 2009. (<u>See</u> Doc. 21). The court found that Defendant Skelton was collaterally estopped from raising the issue of whether it was subject to personal jurisdiction in Pennsylvania. Skelton had already made–and lost–that argument in the Eastern District, and the issue was precluded from relitigation in this court.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MCLANE COMPANY, INC.,** | : | No. 3:09cv1156 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **MAULI VARINDERPREET;** | : | |
| **B & H LOGISTICS, INC.;** | : | |
| **NEW GREEN CITY AUTO REPAIR** | : | |
| **CENTRE;** | : | |
| **FRIENDS LOGISTICS;** | : | |
| **STOUGHTON TRAILERS CANADA** | : | |
| **CORPORATION;** | : | |
| **KRG LOGISTICS, INC.;** | : | |
| **A.N. DERINGER, INC.;** | : | |
| **SKELTON WAREHOUSING, INC.;** | : | |
| **STOUGHTON TRAILERS, INC.; and** | : | |
| **KRG LOGISTICS, INC.,** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 30th day of November 2009, the plaintiff's motion to transfer the case to the United States District Court for the Eastern District of Pennsylvania (Doc. 18) is hereby **GRANTED**. The Clerk of Court is directed to **TRANSFER** the matter to the United States District Court for the Eastern District of Pennsylvania and **CLOSE** the case in this jurisdiction.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**